PER CUR.

The Court is of opinion, that the judgment of the District Court is erroneous, in this: that they ovex-ruled the demurrer to evidence, after it had been joined by the parties, and set aside the proceedings, in the cause, subsequent to the issue, without the consent of the parties: Although the evidence on the part of Garland xvas fully set forth in the demurrer; and there does not appear to be any thing uncertain or doubtful in the evidence, so set forth, to prevent the Court from determining the sufficiency thereof, to maintain the issue joined.* “ Therefore, the judgment and pi’oeeedings, subsequent to the first verdict, are to be reversed and annulled, with costs: And this Court, proceeding to give such judgment as the District Court ought to have given, is of opinion, that the evidence, stated ixx the deimxrrei', is not sufficient, in law, to maintain the issue joined on the part of Garland; but Knox is to go thei’eof, without day, and to recover Lis costs in that Court, also.

[* See Harrison v. Brocks 1 Munf. 22; Taliaferro v. Gatewood, 6 Munf. 320; Johnson v. Hunter, 2 Hen Blac. 137, 205; Duerhagen v. The U. S. Ins, Co., 2 Serg. & Raw. 185; Whittington et al. v. Christian et al 2 Rand. 353; Norvellv. Camm et al. 2 Rand. 68; and see Hyers et al. v. Wood, Post. 589.]